UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CASTILLO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. CV20-04257 JAK (JCx)<br>*Hon Judge: John A. Kronstadt;  Crtm 10B*<br>*Hon Magistrate Judge: Jacqueline Chooljian*<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT TO PARAGRAPHS 3, 8]** |

1. INTRODUCTION

   a. PURPOSES AND LIMITATIONS

   Discovery in this action is likely to involve production of items both Defendants and Plaintiff allege are confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the

applicable legal principles. The parties further acknowledge, as set forth in Section 11.3., below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    b. <u>GOOD CAUSE STATEMENT</u>

Plaintiff RICHARD CASTILLO, individually, by and through his Counsel of Record, and Defendants CITY OF LOS ANGELES, by and through its Counsel of Record, and OFFICERs HERNANDEZ and HANNA, by and through their respective Counsel of Record, conferred regarding the production of various documents. These include documents both parties contend are confidential and are to be kept private:

*Defendants Contend the following documents, although not exhaustive as additional documents may be designated as "Confidential," deserve confidential status:

1. Administrative Investigation (Currently Pending) Report regarding the force used in taking Plaintiff Castillo into custody which typically include:

    Investigation Division Records
    - Interviews;
    - All Body-Cam Footage (BWC) & Digital In-Car Videos (DICV) of Involved Officers;
    - Officer Statements, whether written or recorded;
    - Legend w/diagram;
    - Pictures - Which coincide with an Officer(s) compelled statement which were intended to reflect the Officer's stated or perception of events;
    - Investigative Internal Narrative Memoranda;

2. Body Worn Cameras (BWC) & Digital In-Car Videos (DICV);

This action is likely to involve documents and information for which special protection from public disclosure and from use for any purpose other than prosecution of

this action is warranted. Such confidential documents and information may consist of, among other things, the personnel files of the police officers involved in this incident, Force Investigation Division materials and information, Internal Affairs-Complaint materials and information, video recordings, and other administrative materials and information currently in the possession of the City and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

    2.1    Action: This pending lawsuit, *Richard Castillo vs. City of Los Angeles, et al.* Case No. CV-20-04257 JAK (JCx).

    2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as specified above in the Good Cause Statement.

    2.4    Counsel: Counsel of Record and their support staff.

///

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this manner.

2.7   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party, and includes support staff.

2.10   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" – "Confidential."

4

\*Pursuant to several meet and confers, in lieu of seeking Court Intervention, Defendants have agreed to Provide the Following Documents as "CONFIDENTIAL" materials:

 A) Once the Underlying Investigation into this Incident is completed as follows:

  a. Complaint – Use of Force Investigation Division Investigation Records;

  b. Any and all documents, interviews, Officer Statements and/or writings created during such Investigation, which include, but are not limited to, the following:

   Investigation Division Records

- Interviews;
- All Body-Cam Footage (BWC) & Digital In-Car Videos (DICV) of Involved Officers;
- Officer Statements, whether written or recorded;
- Legend w/diagram;
- Pictures - Which coincide with an Officer(s) compelled statement which were intended to reflect the Officer's stated or perception of events;
- Investigative Internal Narrative Memoranda;
- All addenda.

 B) Defendants have agreed to produce the Primary Officers' Body-Cam Footage & the initial Back-up Officers' Body-Cam Footage, along with Digital In-Car Videos.

This list is not exclusive, and also includes other materials later agreed-upon and/or ordered by the Court to be designated as Protected Material under this Protective Order. The inclusion of this list does not constitute an agreement by Parties that the CONFIDENTIAL designation is in fact appropriate for any of the aforementioned materials. Parties reserve all rights to challenge these and any other designations pursuant to the procedures set forth below in section 6 *et seq.*

///

It must be noted that Defendants are producing the Investigation materials & Personnel Complaint Files based upon the agreement of Counsel to enter into this Stipulation for Protective Order and are relying upon the good faith negotiations that have taken place this far in this litigation.

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material other than during a court hearing or at trial. Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during hearing or at trial.

4. <u>DURATION</u>

Should any Protected Material become part of the public record at trial or otherwise (such as a where the Court denies the request to file under seal), this Protective Order shall no longer apply to such portions at Trial which became part of the public record, with the exception that all such material/documents, whether part of the public record or not, must still be returned in compliance with Section 12: Final Disposition. Should any portion of the Protected Material remain confidential until trial, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, that each Party may request the opportunity to show good cause to the Court as to why access to the courtroom should be limited to parties, their counsel and other designated representative, experts or consultants who agreed to be bound by this stipulation/protective order, and court personnel.

///

For all portions of the Protected Material after final disposition of the Trial, whether they became part of the pubic record or not, the confidentiality obligations by this Order shall remain in full effect.

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; (2) In any event wherein this matter is remanded to State Court, refiled in State Court or severed from the Federal matter and returned to State Court; and/or (3) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

In the event the Court vacates this Protective Order, then any Personnel Documents that were covered by this Protective Order shall be immediately returned to Defense Counsel and the Parties can thereafter meet and confer as to how such documents shall be handled. Under no circumstances shall such Personnel documents be retained by Counsel for Plaintiffs unless and until a Court Order is obtained ordering that such documents be produced, as the purpose of Defendants entering into this Protective Order was the only reason such documents would have been produced in the first place without a formal Court Order. The Parties fully understand that there were good faith meet and confers that were engaged in pursuant to Local Rule 37-1 which brought about this underlying Protective Order.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this

Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties).

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection,t hat Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations.

Designating the Protected Material listed above shall be accomplished by affixing to such document or writing a legend-Watermark, such as "Confidential," "CONFIDENTIAL," "Confidential Documents," "Confidential Material Subject to Protective Order," or words of similar effect with corresponding case number which shall cover each page. The documents and writings so designated, and all information derived therefrom shall be treated in accordance with the terms of this stipulation/protective order. Any party stamping-watermarking any of the Confidential Materials may not stamp-watermark the records in such a way as to make any written portion of the records illegible.  For testimony given in deposition, the Party attempting to utilize such information must so identify it before any questioning and all such information cannot be questioned about unless under seal.

5.3   Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

///

///

///

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1 Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2 Meet and Confer.

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

    6.3 Burden of Persuasion.

While the burden of persuasion in any such challenge proceeding shall be on the Designating Party, the challenging party must initiate their legal challenge with appropriate and applicable legal justification with support thereof. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1 Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action and no other matter. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

In the event only certain claims are severed and remanded to State Court, refiled in State Court or claims severed and remanded to State Court, then the Parties shall meet and confer pursuant to Local Rule 37-1 regarding the disposition of all materials produced pursuant to this Protective Order. In no event shall any documents provided

9

pursuant to this Protective Order be utilized in any other case other than this underlying case.  In the event that the parties are unable to reach an informal agreement, the Parties shall file an appropriate motion with the Court utilizing the joint stipulation procedures set forth in Local Rule 37-2, or if the time period to utilize Local Rule 37-1 is no longer applicable, then a joint motion shall be lodged with the Court.

In the event this entire matter is remanded to State Court or dismissed and refiled in State Court then all materials, including the Personnel Files, any FID-Complaint-Use-of-Force Investigation as well as any other Court Ordered Documents provided pursuant to this Protective Order and all copies thereof shall be returned to the Offices of the Los Angeles City Attorney's Office, 6th Floor, City Hall East, Los Angeles, California 90012 for destruction/shredding no later than one (1) week after the case has been removed/terminated in this Court.  All Confidential documentation provided to any person or party, pursuant to any provision hereof, also shall be returned to the City Attorney's Office.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

///

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order, as such information must be under seal; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or covered by this Protective Order, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or unless otherwise required by the law or court order.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OR PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11. MISCELLANEOUS

11.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 *et seq*. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

12. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 20 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Once the Protected Material is returned, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 20-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned and (2) affirms that the

Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain some references to Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

13.   **VIOLATIONS OF ORDER**:

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: Oct. 5, 2020          THE OUCHI LAW FIRM, A.P.C.

                             By:  /S/  Wesley G. Ouchi
                                  WESLEY G. OUCHI, ESQ.
                             *Attorneys for Plaintiff* RICHARD CASTILLO

DATED:  Oct. 5, 2020          MICHAEL N. FEUER, City Attorney
                              KATHLEEN A. KENEALY, Chief Assist. City Attorney
                              SCOTT MARCUS, Senior Assistant City Attorney
                              CORY M. BRENTE, Senior Assistant City Attorney

                              By:    /S/ Christian R. Bojorquez
                              CHRISTIAN R. BOJORQUEZ, Deputy City Attorney
                              *Attorneys for Defendant* CITY OF LOS ANGELES

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED AS MODIFIED.**

DATED:  October 8, 2020              _____/s/_____
                                     HONORABLE JACQUELINE CHOOLJIAN
                                     UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on October 8, 2020 in the case of ***Richard Castillo v. City of Los Angeles***, **Case No.: 20-cv-04257 JAK (JCx)** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____